UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 13-314-1 (RJL) |
| ) | |
| RUDY ARREOLA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**
(May 23, 2023) [Dkt. ## 68, 111]

Defendant Rudy Arreola pleaded guilty to one count of using, carrying, or possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). *See* Judgment [Dkt. #48]. In October 2014, the Court sentenced him to sixty-six months' imprisonment and sixty months of supervised release. *Id.* While imprisoned, Arreola filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Mot. to Vacate Under 28 U.S.C. § 2255 [Dkt. #68].

He served his term of imprisonment and then, in August 2022, was charged with committing various state crimes in Delaware. The commission of those crimes was included among other alleged violations of conditions of supervised release in a probation petition submitted to this Court in October 2022. *See* Probation Petition [Dkt. #99].

A few months later, in January 2023, the parties filed a joint motion for a stipulated disposition of Arreola's § 2255 motion. *See* Joint Mot. for Entry of Stipulated Disposition of Def.'s § 2255 Mot. ("Joint Mot.") [Dkt. #111]. The basis of the joint motion comes from the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the Supreme Court examined the definition of "crime of violence" as used in

§ 924(c)(1). That definition, located in § 924(c)(3), contains two clauses, the latter of which (the "residual clause") was held to be unconstitutionally vague. *Id.* at 2336. Accordingly, a criminal offense purporting to be a "crime of violence" only under the residual clause could no longer qualify as a predicate crime of violence. *See United States v. Lassiter*, 1 F.4th 25, 29 (D.C. Cir. 2021). The parties here agree that, after *Davis*, Arreola's conviction under § 924(c)(1) cannot stand, because the predicate crime of violence he was committing was Hobbs Act conspiracy, 18 U.S.C. § 1951, which, before *Davis*, could qualify as a crime of violence only under the residual clause. Joint Mot. ¶ 9; *see United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019). The Court agrees. *See also Hall v. United States*, 58 F.4th 55, 62 (2d Cir. 2023) (applying *Davis* retroactively on collateral review).

The Court disagrees, however, with the parties' proposed relief: replacing Arreola's conviction under § 924(c)(1) with a conviction for Hobbs Act conspiracy. *See* Joint Mot. ¶¶ 11–12. That type of relief is not provided by 28 U.S.C. § 2255(b), and the Court is skeptical that such relief is available here. *See Oliver v. United States*, 470 F. Supp. 3d 756, 758 (M.D. Tenn. 2020). True, some courts have entered, on a § 2255 motion, a lesser-included conviction that avoids the defect of a greater conviction. *E.g., United States v. Cross*, 256 F. Supp. 3d 46, 49 (D.D.C. 2017) (Cooper, J.) (entering conviction for lesser-included drug offense for any detectable amount of heroin, when counsel was ineffective for failing to dispute a higher drug-quantity element). But those cases are distinguishable: "Conspiracy to Commit Hobbs Act Robbery is not a lesser included offense of the 924(c) violation." *Oliver*, 470 F. Supp. 3d at 759. In other words, Arreola "has not been adjudged

guilty, either explicitly or impliedly, of . . . conspiring to commit Hobbs Act robbery." *Id.* Accordingly, it is hereby

**ORDERED** that defendant Rudy Arreola's [68] Motion to Vacate Under 28 U.S.C. § 2255 is **GRANTED**. It is further

**ORDERED** that the parties' [111] Joint Motion for Entry of Stipulated Disposition of Defendant's § 2255 Motion is hereby **DENIED IN PART** as to the relief sought but otherwise **GRANTED IN PART**. It is further

**ORDERED** that the parties shall have fourteen days after the issuance of this Memorandum Order to file a joint memorandum or separate memoranda on whether the Court should issue, after the fourteen-day period, an amended judgment vacating defendant Rudy Arreola's conviction. If the Court does not receive any memoranda, it will issue such an amended judgment. It is further

**ORDERED** that no action shall be taken on [99] Probation Petition.

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge